## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**WALTER JONES, on behalf of**
**himself and those similarly situated,**

   **Plaintiff,**

                                          **CASE NO:** 4:18-cv-261-HLM

**vs.**

**C&S CONSTRUCTION,**

   **Defendant.**

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Walter Jones ("Plaintiff" or "Mr. Jones"), on behalf of himself and those similarly situated, by and through the undersigned counsel, sues Defendant, C&S Construction ("C&S"), and in support of his Complaint alleges:

## INTRODUCTION

1.     Plaintiff was an employee of the Defendant and brings this action for unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.     Plaintiff was an hourly paid employee who worked for Defendant from April 2011 until September 2018 in Floyd County, Georgia.

3.     Defendant is a Georgia domestic Corporation that operates and conducts business in, and among others, Floyd County, Georgia, and is therefore within the

1

jurisdiction of this Court. C&S Construction may be served with process at its place of business at 8274 Calhoun Road, Adairsville, GA 30103.

4.     This action is brought under the FLSA to recover overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

5.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

6.     The venue of this Court over this controversy is proper based upon the claim arising in Floyd County, Georgia.

## FACTUAL ALLEGATIONS

7.     Plaintiff worked as a Construction worker for Defendant out of Defendant's worksite located at 8274 Calhoun Road, Adairsville, GA 30103.

8.     Plaintiff was hired by Defendant and performed construction duties for Defendant.

9.     As a construction worker for the Defendant, Plaintiff trained new employees, laid pipes, and operated mechanical machinery.

10.    Plaintiff was an employee of Defendant from April 2011 through September 2018.

11.     Defendant agreed to pay Plaintiff wages for work performed by Plaintiff and Plaintiff did in fact work for Defendant.

12.     During his employment with Defendant, and continuing through the date of the filing of this Complaint, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

13.     Plaintiff typically worked at least fifty (50) hours per week.

14.     Throughout the duration of Plaintiff's employment with Defendant, regardless of how many hours he worked, Defendant provided Plaintiff with pay stubs reflecting that he was paid for only forty (40) hours worked per pay period.

15.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COLLECTIVE FACTUAL ALLEGATIONS

16.     Class members are or have been treated equally by Defendant.

17.     Defendant subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

18.     Defendant pays class members in the same manner as it did Plaintiff.

19.     Plaintiff and all class members worked in the State of Georgia.

20.     Plaintiff and all class members in the State of Georgia were not

correctly paid overtime wages for all hours worked in excess of forty (40) hours.

21.     Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

22.     During the relevant period, Defendants violated the FLSA by improperly refusing to pay Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

23.     Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

24.     Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable fees and costs if they prevail.

## **COVERAGE**

25.     At all times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

26.     At all times relevant to this action, Defendant made and makes gross earnings of at least $500,000 annually.

27.     At all times relevant to this action, Defendant employed two or more employees which handled goods, materials, and supplies which travelled in interstate commerce.

28.     Included in such goods, materials, and supplies were telephones, computers, office equipment, construction tools, and other items which originated

from outside the State of Georgia.

29.     At all material times relevant to this action, Defendant had two or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for such commerce (*i.e.* water lines, sewer lines, and grading).

## COUNT I
## <u>RECOVERY OF OVERTIME COMPENSATION</u>

30.     Plaintiff reincorporates and readopts all allegations contained within the preceding paragraphs as if fully set forth herein.

31.     Plaintiff, and those similarly situated employees, were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

32.     During their employment with Defendant, Plaintiff and those similarly situated employees worked overtime hours but was not paid time and one-half compensation for same.

33.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

5

34.     As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## DEMAND FOR JURY TRIAL

35.     Plaintiff and those similarly situated employees demand a jury trial on all issues so triable against Defendant.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demand judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted this 27th day of November  2018.

*s/ Jaime L. Duguay*
Jaime L. Duguay
GA Bar No.: 829447
MORGAN & MORGAN, P.A.
191 Peachtree Street, N.E., Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-1685
Facsimile: (470) 639-6872
Email: jduguay@forthepeople.com

*Attorneys for Plaintiff*